IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK T. ALLEN, ) | |
| No.  N94327, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00334-NJR |
| ) | |
| DR. ASSELMEIR, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Roderick T. Allen is an inmate currently housed in Menard Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the denial of effective medical care for a dental infection that he contends has spread to his jaw bone.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, and for consideration of the incorporated request for "Emergency Injunctive Relief," which is generously construed as a motion for a temporary restraining order ("TRO"). Because Plaintiff seeks a TRO, the Court will immediately take up the case. *See Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680 (7th Cir. 2012).

Plaintiff has not paid the $400 filing fee, and he has not sought leave to proceed *in forma pauperis* ("IFP") in this case (*see* 28 U.S.C. § 1914(a)).  As a matter of course, the Clerk of Court has sent notice that Plaintiff has 30 days to either pay or move for IFP status (*see* Doc. 2). Because Plaintiff has previously been notified that he must simultaneously file his complaint and either submit the filing fee or move for pauper status (*see Allen v. Chapman*, Case No. 14-cv-

348-JPG (S.D. Ill., dismissed June 24, 2014)), the Court views Allen as knowingly trying to skirt the payment procedures.

Even if Plaintiff had filed a motion for pauper status, he would have to overcome the fact that he has previously filed five cases that counted as "strikes" under 28 U.S.C. § 1915(g). And even if Plaintiff had submitted the $400 filing fee for this case, he still owes thousands of dollars for other cases and could not proceed without paying that debt in full. Thus, the Court will analyze the situation as though Allen had moved for pauper status.

## The Applicable Legal Standards

*Section 1915A*

When conducting its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, the Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Typically at this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

*Section 1915(g)*

The statute that permits a litigant to proceed *in forma pauperis*, 28 U.S.C. § 1915, further provides:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under *imminent danger of serious physical injury*.

28 U.S.C. § 1915(g) (emphasis added).

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the electronic docket of this Court, and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), discloses that Allen has already had five other cases dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Allen v. Chapman*, Case No. 11-cv-1130-MJR (S.D. Ill., dismissed Aug. 29, 2012); *Allen v. Godinez*, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012); *Allen v. Harrington*, Case No. 13-cv-725-GPM (S.D. Ill., dismissed Aug. 22, 2013); *Allen v. Bower*, Case No. 13-cv-931-MJR (S.D. Ill., dismissed Mar. 17, 2013); and most recently *Allen v. Chapman*, Case No. 14-cv-348-JPG (S.D. Ill., dismissed June 24, 2014).

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally,

"[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

### *Injunctive Relief*

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO may issue without notice only if:

(A)  specific facts in an affidavit or a verified complaint clearly show that *immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition*; and

(B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b)(1) (emphasis added).

Thus, Plaintiff must clear multiple hurdles. If imminent danger is not sufficiently alleged to overcome the three-strikes bar, his motion for a TRO would likely fail, and he would have to pay the $400 filing fee before the case could proceed. Although the three strikes bar and the motion for TRO are of preliminary concern, if the complaint cannot pass muster under 1915A, there is no basis for subject matter jurisdiction, and the motion for a TRO would automatically fail. *See Greater Chicago Combine and Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Therefore, the Court's analysis shall begin with the viability of the complaint.

### The Complaint

According to the complaint, Plaintiff has been prescribed antibiotics for a dental infection since at least October 2014. Plaintiff specifically refused to permit his problematic teeth to be extracted. In November 2014, Plaintiff was examined by Dr. Strow, a dentist at Menard (who is not a named defendant), to see if the infection had deteriorated the jaw bone. X-rays were taken,

but Dr. Strow would not show Plaintiff the x-rays, as others had done in the past. Antibiotics were prescribed.

By January 2015, Plaintiff had not gotten any relief from the pain and swelling caused by the infection. Plaintiff was then seen by defendant Dr. Asselmeier, another dentist at Menard. Because the x-rays and gum measurements taken by Dr. Strow could not be located, Dr. Asselmeier ordered additional x-rays, but he would not take new gum measurements. Again, antibiotics were prescribed. A week later, when the antibiotics had not relieved the pain and swelling, Plaintiff returned to Dr. Asselmeier. Dr. Asselmeier refused to show Plaintiff the x-rays that had been taken, but a stronger antibiotic was prescribed. After two weeks on the stronger medication, Plaintiff was informed by a gallery officer that Dr. Asselmeier had instructed that Plaintiff not be given any more antibiotics until Plaintiff agreed to have the involved teeth extracted. Plaintiff remains in what he describes as "extreme" pain.

Plaintiff now sues Dr. Asselmeier, seeking injunctive relief granting him: continued treatment with antibiotics, on demand; a special mouthwash to fight the infections; additional x-rays, developed while he waits; additional gum measurements; and to be permitted to review all x-rays and gum measurements. Plaintiff otherwise only requests whatever relief the Court deems just and proper. Given Plaintiff's *pro se* status, the complaint is construed as seeking only declaratory and injunctive relief, not monetary damages.

Based on the allegations in the complaint, the *pro se* complaint is construed as asserting the following claim.

> **Count 1: Dr. Asselmeier has been deliberately indifferent to Plaintiff's serious medical/dental needs, in violation of the Eighth Amendment.**

**Discussion**

*Viability of the Complaint*

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Thus, at this early juncture Plaintiff's purported dental infection and related pain appear sufficiently serious to implicate the Eighth Amendment.

Relative to medical professionals, erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may constitute deliberate indifference. *Id.* at 623; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999). Physicians, however, are entitled to deference in treatment decisions "unless no minimally competent professional would have so responded under similar circumstances." *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir.2008); *see Duckworth v. Ahmad*, 532 F.3d 675, 682 (7th Cir. 2008). Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference. *See Snipes v. DeTella*, 95 F.3d 586, 591(7th Cir. 1996); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896,898 (7th Cir.2001) (Courts will not takes sides in disagreements about medical personnel's judgments or techniques). Of particular relevance to

this situation, however, a "prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." *Arnett v. Webster,* 658 F.3d 742, 754 (7th Cir. 2011); *see also Smego v. Mitchell,* 723 F.3d 752, 758 (7th Cir.2013).

Whether there is merely a disagreement regarding the proper course of treatment or an Eighth Amendment violation cannot be determined based on the complaint alone, but a colorable Eighth Amendment has been pleaded. Because injunctive relief is sought, the warden of Menard, Kim Butler, will be added as a defendant in her official capacity. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (the warden of the facility is the proper defendant to answer for claims regarding conditions of confinement and to carry out any injunctive relief granted).

Although the complaint states a colorable constitutional claim, the filing fee still presents an obstacle to the complaint proceeding.

### *The Filing Fee*

As already noted, because Plaintiff has more than three "strikes" for purposes of Section 1915(g), he cannot proceed with this case without paying the $400 filing fee in full, *unless* he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). At first blush, the prospect of a progressive infection of the jaw bone would appear to qualify as a danger of serious physical injury. But Allen's allegations regarding this dental infection are all too familiar to the Court and require pause for consideration.

In *Allen v. Chapman*, Case No. 11-1130-MJR, Plaintiff alleged that the director of dental care at Menard, Dr. Chapman, cultivated and then implanted bacteria in Plaintiff's mouth to simulate swelling characteristic of a tooth infection. The condition allegedly worsened, despite

several different courses of antibiotics; the infection purportedly spread into the jaw bone.[1] That claim was found to be frivolous and was dismissed with prejudice (Doc. 40). But that was not the end of the matter.

An overarching theme to Plaintiff's litigation[2] was revealed in *Allen v. Godinez*, Case No. 12-cv-936-GPM. Plaintiff sued his sister, Paula Powers, and others, including Hyde Park Bank, claiming that Powers was paying Menard staff to harm or kill Plaintiff in a scheme to keep Plaintiff from receiving an inheritance from their father. That case was found to be frivolous and was dismissed with prejudice (Doc. 16). Undeterred, in *Allen v. Bower*, Case No. 13-931-MJR, Plaintiff elaborated upon his claim that Dr. Chapman had cultivated and implanted a dental infection by explaining that Chapman was attempting to place Plaintiff in danger of death by poisoning during a tooth extraction.[3] Then, in *Allen v. Chapman*, Case No. 14-348-JPG (S.D. Ill. 2014), Plaintiff alleged that treatment offered by Dr. Chapman and Dr. Overall was ineffective in stopping the progression of Plaintiff's gum disease. Plaintiff wanted a specific "pharmaceutical" treatment that the doctors had told him did not exist; he also wanted x-rays to assess the progression of the infection. Those claims were found to be frivolous and dismissed with prejudice (Doc. 7). Now, Plaintiff returns to allege that his dental infection persists.

Rather than summarily dismissing this action as a frivolous extension of all those other similar claims that have been dismissed as frivolous, the Court will accept for now that Plaintiff is suffering from a dental infection that is serious enough to warrant continued dental treatment over the course of at least three years, without improvement and with progression to the jaw bone. *See Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (advising against construing the

---

[1] Other claims included overexposure to radiation during the course of a routine x-ray; and being given a "contaminated" TB test.

[2] Plaintiff has filed 11 cases in this district since 2011.

[3] Plaintiff also reiterated his claim that he has been infected with TB.

"imminent danger" provision too strictly). Considering the alleged pain and progression of the infection to the point that the only remedy offered by Dr. Asselmeier and others is the extraction of the involved teeth, Plaintiff will be assumed to be in *imminent* danger of serious physical injury. Therefore this action shall be permitted to proceed, provided Plaintiff formally moves for pauper status.

If the Court later determines that this claim is frivolous, not only will another strike be assessed, but Plaintiff will be <u>banned</u> from any further civil rights litigation in this Court. *See Support Sys. Intl., Inc. v. Mack*, 45 F.3d 185, 185 (7th Cir. 1995), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

### *Temporary Restraining Order*

Although the Court is willing to characterize the harm that may befall Plaintiff as "imminent" for purposes of Section 1915(g), in order to warrant a TRO one must be facing "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." It is surely a fine line between qualifying for the Section 1915(g) escape hatch and meriting a TRO. In *Lewis v. Sullivan*, the Seventh Circuit explained that the imminent danger escape hatch in Section 1915(g) is aimed at curtailing the abuse of *subsidized* litigation. The escape hatch is unavailable in situations where an inmate could, for example, save up to pay the filing fee in full, borrow the fee from others, or convince an attorney to take up the case. *Lewis,* 279 F.3d at 530. Although the press of time justifies allowing Plaintiff to use the escape hatch, the Court does not perceive that the purported infection is progressing at such a pace to require intervention before the defendants can be served and a hearing can be held regarding a preliminary injunction. In terms of the alleged persistent pain,

the Court is swayed by the fact that Plaintiff does not actually seek pain medication. For these reasons, Plaintiff's motion for a TRO (Doc. 3) will be denied.

If Plaintiff so desires, he may file a motion for a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65(a).

## Disposition

**IT IS HEREBY ORDERED** that this case shall proceed under the imminent danger exception in 28 U.S.C. § 1915(g), provided that on or before **April 30, 2015**, Plaintiff moves for leave to proceed *in forma pauperis* and submits the required certified trust fund statement. If Plaintiff fails to file the required motion and financial information, this action will be dismissed with prejudice. Plaintiff is further **ADVISED** that if this action is later found to be frivolous, the case will be dismissed with prejudice, a strike will be assessed for purposes of Section 1915(g), and Plaintiff will be subject to a filing ban in accordance with *Support Sys. Intl., Inc. v. Mack*, 45 F.3d 185, 185 (7th Cir. 1995).

**IT IS FURTHER ORDERED** that, for the reasons stated, **COUNT 1**, an Eighth Amendment medical indifference claim, shall proceed against **DR. ASSELMEIER**.

**IT IS FURTHER ORDERED** that **WARDEN KIM BUTLER, in her official capacity only, is hereby ADDED as a defendant to COUNT 1, for purposes of injunctive relief**.

The Clerk of Court shall prepare for Defendants **DR. ASSELMEIER and WARDEN KIM BUTLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the

Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Because Warden Butler is only named as a defendant for purposes of injunctive relief, requiring her to file an answer will ensure her prompt entry into the case.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to*

*such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 31, 2015**

s/ NANCY J. ROSENSTENGEL
**NANCY J. ROSENSTENGEL**
**United States District Judge**