IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK T. ALLEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:15-cv-334-NJR-DGW |
| | ) |
| DR. ASSELMEIER and WARDEN KIM BUTLER, | ) |
| | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff, Roderick T. Allen, on May 1, 2015 (Doc. 14), the Motion to Advance and Reset filed by Plaintiff on May 20, 2015 (Doc. 30), and the Motion for Court Appointment of Independent Dentist filed by Plaintiff on July 6, 2015 (Doc. 43). For the reasons set forth below, it is **RECOMMENDED** that the Motions be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

On March 31, 2015, Plaintiff was permitted to proceed in this action under the "imminent danger" provision of 28 U.S.C. § 1915(g) (Doc. 4). Plaintiff alleges that since October 2014, an infection in his mouth has spread to his jaw bone causing deterioration of that bone in addition to pain and swelling. Plaintiff alleges that his dentist, Defendant Dr. Asselmeier (hereinafter "Defendant"), refuses to prescribe appropriate antibiotics unless he agrees to have the involved

teeth extracted. Plaintiff is permitted to proceed on one count of deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendant. Warden Butler also has been retained in this suit in order to perfect any injunctive relief.

On May 1, 2015, Plaintiff filed the first Motion for Injunctive Relief under consideration. Plaintiff states that he is not being given effective antibiotics that would resolve an infection of both sides of his lower jaw bone (Doc. 14, p. 7). He claims that he has been denied dental care on several occasions and that his gum disease has not been treated with medication (*Id*. 8). Rather, he has been told by Defendant that he must consent to teeth extractions in order to resolve his medical condition. Plaintiff further states in a declaration:

> The use of pain relief medications alone has allowed the jaw bone infection to spread. The infection is causing my lower jaw bone to deteriorate and decay on both sides. The pain in my lower jaw bone is constant and varies in intensity.

(Doc. 15, p. 2).

In outlining his interaction with Defendant, Plaintiff states that he was first seen by Defendant on January 9, 2015 and Clindamycin HCL, an antibiotic, was prescribed (*Id*. 3). Plaintiff states that the medication "was effective for the first few days, but appeared to soon loss its effectiveness [sic]" so he requested different antibiotics on January 16, 2015, which was denied (*Id.*). This was the last time that Plaintiff interacted with Defendant prior to a May 15, 2015 hearing on Plaintiff's Motion. Plaintiff seeks other antibiotics but does not specify, in his declaration, which one he thinks will be effective; although he request "periodic" antibiotics to keep the infection at bay (*Id.* 12).

On May 15, 2015, a hearing was held on Plaintiff's motion in which Plaintiff appeared by videoconference and Defendants appeared by counsel (Doc. 28). Plaintiff testified, under oath, that he has a "throbbing sensation periodically in the jaw bone" and pain that does not prevent him

from eating but that does wake him from his sleep. As to the antibiotics, Plaintiff stated that the one prescribed by Defendant, Clindamycin HCL, was "rated strong enough to get the job done" but that after a few days it would lose effectiveness. Plaintiff believes that the antibiotic "Cyndomyacin HL"[1] would be appropriate. Plaintiff bases his belief as to the correct medication on internet research. Plaintiff further stated that after he saw Defendant in January 2015, Defendant refused to see Plaintiff again until his teeth were extracted. From January 2015 to the date of the hearing, Plaintiff had not seen the dentist – Plaintiff submitted one request during the time period that was not responded to. Plaintiff also testified that he has not received pain medication except topical pain gel that he received in February, 2015 – although Plaintiff states that he is not particularly interested in getting additional pain medication because it only masks the real problem, the infection.

It turns out that Plaintiff's dental problems began at some point prior to or in 2008. In March of 2008, the dentist indicated that the # 19 tooth should be extracted but that Plaintiff refused (Doc. 31-1, p. 1). Gum disease was ruled out on May 20, 2008 and Plaintiff was informed that he had broken and abscessed teeth, namely ## 19, 30, and 31 (*Id.*). Plaintiff did not want the teeth removed and has refused such treatment throughout 2008 and to the present day. The medical record also reveals that Plaintiff complained about pain while eating on December 14, 2010 (related to tooth # 31) and an "infection in his jaw bone" on April 27, 2011 (*Id.* 3). The record also reveal that Plaintiff refused dental treatment at various times (December 16, 2008, December 14, 2010, April 27, 2011, March 6, 2012, February 18, 2014, and October 10, 2014), primarily related to the extraction of teeth (*Id.* 3, 5). Plaintiff was prescribed Tetracycline 500 mg on June 30, 2011; but on July 8, 2011, he was advised that additional antibiotics were not "a

---

[1] After consulting the Physician's Desk Reference (2009), the Court has not been able to determine what this drug is or what its uses are.

viable tx" in light of the problems with teeth ## 19, 30, and 31 (*Id.* 4)). Plaintiff further states that he was prescribed the antibiotics Cephalexin and Amoxicillin in 2014 which also did not resolve the infection (*Id.* 4).

In summary, Plaintiff has had regular dental care, some of which he has refused, since 2008. Plaintiff has been suffering from significant dental issues since at least 2008. Various doctors have recommended that teeth ## 19, 30, and 31, which are broken and abscessed, be removed. Plaintiff has refused this particular form of treatment. Instead Plaintiff has sought antibiotics; and, he has been on at least 4 courses of different antibiotics since 2011 with no apparent relief of his symptoms.[2] There is no evidence in the medical record that Plaintiff suffers from gum disease.[3] It seems, then, that the root of Plaintiff's dental problems is not a supposed jaw bone infection, but rather three rotten teeth that should be extracted.

At the hearing, Defendant was directed to submit a brief after they had reviewed Plaintiff's medical record and Plaintiff was permitted to submit related documents, by mail (Doc. 29). Defendant submitted a brief May 27, 2015 (Doc. 31). Plaintiff submitted a Motion to Advance and Reset on May 20, 2015 in which he seeks advancement of trial and which includes a number of exhibits (Doc. 30). The exhibits submitted are either duplicative of previous submissions or irrelevant to the matter at hand. Plaintiff also has filed a "notice" indicating that he will refuse to accept medical care from Defendant because he believes it will expose him to "substantial risk of suffering great bodily harm or death" (Doc. 39). Finally, Plaintiff has submitted a Motion seeking

---

[2] Plaintiff testified that he believed or suspected that the Clindamycin HCL prescribed by Defendant became less effective because it may have been replaced by a placebo. In his filings, Plaintiff also requests that he be given "authentic and not non-effective substitutions" (Doc. 30-1, p. 6). There is no evidence, however, to support a claim that his medication is being tampered with or that he is being given inert medication.

[3] Although, Plaintiff states in his declaration that he has observed significant gum tissue loss between December 2014 and April 2015.

appointment of an independent dentist to evaluate his concerns (Doc. 43). In this Motion, Plaintiff states that Defendant prescribed Cephalexin and not Clindamycin HCL as indicated at the hearing and in the previous filings. The medical record, reveals, however, that Cephalexin was prescribed on October 21, 2014, prior to Defendant's interaction with Plaintiff (Doc. 31-20, p. 2). Because all of these filings are related, they are considered to be one request for preliminary injunctive relief and are addressed together herein.

## CONCLUSIONS OF LAW

Plaintiff seeks (or at least alternatively seeks) both a temporary restraining order and a preliminary injunction. The major difference between the two remedies is that the former is issued prior to notice to an adverse party. A temporary restraining order should not issue in this matter because Defendants have been notified of the request for injunctive relief by the docketing of the Motion, a hearing was held in which Defendants appeared, and Defendants were given an opportunity to respond, which they did. Plaintiff is therefore not entitled to a temporary restraining order.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

   1. a reasonable likelihood of success on the merits;
   2. no adequate remedy at law; and
   3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir.

2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Plaintiff has not shown reasonable likelihood of success on the merits. The medical records reveal that Plaintiff has been receiving regular dental care while incarcerated. As to Defendant, Plaintiff was examined and treatment was recommended in January 9, 2015. Plaintiff admitted that the antibiotic prescribed by Defendant, Clindamycin HCL, *was sufficient to remedy the infection* that he complains of. Moreover, when additional treatment to relieve Plaintiff's symptoms was scheduled for January 16, 2015, extraction of teeth ## 30 and 31, Plaintiff refused. It is unclear what more the Constitution would require of Defendant when Plaintiff himself refuses to accept reasonable treatment for his condition.

Plaintiff only sought treatment one additional time thereafter; however, he has since indicated that he will refuse to be treated by Defendant in the future and he now seeks an

independent dentist to evaluate his condition. It appears from the record that Plaintiff is merely disagreeing with the treatment provided rather than stating a claim for deliberate indifference to a serious medical need. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Indeed, Plaintiff makes no showing that the prescription of Clindamycin HCL and the extraction of broken and abscessed teeth is a blatantly inappropriate treatment. Nor does he make any showing that additional courses of antibiotics is an appropriate treatment for broken and abscessed teeth.

While Plaintiff may be able to show that he has no adequate remedy at law, Plaintiff cannot show irreparable harm *absent the injunction*. As noted above, Plaintiff has refused dental treatment on a number of occasions and has notified the Court that he will not seek dental care from Defendant in the future. The harm Plaintiff suffers, then, is his own making. By refusing what appears to be a reasonable treatment plan, Plaintiff is causing harm to himself – an injunction would not cure such conduct.

As to the Motion to Advance and Reset, Rule 65(a)(2) provides that the Court may "advance the trial on the merits and consolidate it with the hearing [on a preliminary injunction]." In this matter, it is unclear whether Plaintiff has complied with the Prison Litigation Reform Act as to exhaustion of administrative remedies nor is it apparent from the record that Plaintiff is entitled to any relief by way of his Complaint. As such, advancing this matter, prior to discovery on the issue of exhaustion, would be premature. In light of the foregoing, the request to advance this matter should be **DENIED**.

Finally, Plaintiff is not entitled to a preliminary injunctive relief of an independent evaluation of his dental needs. As indicated above, Plaintiff has not established that there is a likelihood of success on the merits nor can he show irreparable harm absent preliminary injunctive relief. This Motion also should be **DENIED**.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff, Roderick T. Allen, on May 1, 2015 be **DENIED** (Doc. 14), that the Motion to Advance and Reset filed by Plaintiff on May 20, 2015 (Doc. 30) be **DENIED**, that the Motion for Court Appointment of an Independent Dentist, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 14, 2015**

/s/ Donald G. Wilkerson

**DONALD G. WILKERSON**
**United States Magistrate Judge**