IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RODERICK T. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-334-NJR-DGW |
| | ) | |
| DR. ASSELMEIER and WARDEN KIMBERLY BUTLER, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are three Motions filed by Plaintiff:

1. Motion to Quash filed on May 28, 2015 (Doc. 33). This Motion is **DENIED WITHOUT PREJUDICE**. Plaintiff seeks to quash a subpoena related to his medical records. Plaintiff has not attached the subpoena to his Motion so it is unclear whether the subpoena was directed to him or to a third party, when it was served, or the confines of the discovery request. Plaintiff may refile this motion with the subpoena attached.

2. Motion for Copy of Document 45 filed on October 14, 2015 (Doc. 54). This Motion is **DENIED**. Plaintiff states that he does not have a copy of the Report and Recommendation ("R&R") issued on July 14, 2015 (Doc. 45). The Notice of Electronic filing indicates that the R&R was mailed to Plaintiff at the Menard Correctional Center on July 14, 2015. Since that time, Plaintiff has filed three motions for extension of time to file objections to the R&R (Docs. 47, 50, and 52). In none of those Motions has Plaintiff mentioned that he did not receive a copy of the R&R. This Motion, then, appears to be an attempt to extract a further extension of time to file objections notwithstanding the District Court's admonishment that no further extensions will be

granted (Doc. 53). If Plaintiff requires an additional copy of the R&R, he may contact the Clerk of Court and acquire a copy after paying the copying fee.

3. Motion for Recruitment of Counsel filed on October 14, 2015 (Doc. 55). This Motion is **DENIED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff states that he has been prevented to researching the names of attorneys, in order to seek representation, because law library staff have refused to provide him with a directory of Illinois lawyers. Plaintiff further represents that he is a college graduate and that he is not taking

any medications. Plaintiff's sole reason for requesting counsel is that he does not have access to "legal resources necessary." In this matter, Plaintiff is claiming that Defendants has failed to adequately treat a dental condition. This Court had the opportunity to observe Plaintiff with respect injunctive relief. Plaintiff appeared well spoken, articulate, and prepared to argue his motion. Plaintiff also seemed capable of performing internet research and otherwise cited to appropriate legal authority. That Plaintiff may not have unfettered access to legal material is neither unique to Plaintiff nor cause to recruit counsel. Plaintiff appears competent to litigate this matter without counsel. Counsel will not be recruited in this matter.

**IT IS SO ORDERED.**

**DATED: October 20, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**