IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK T. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-334-NJR-DGW |
| | ) |
| CRAIG ASSELMEIER and | ) |
| KIMBERLY BUTLER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson entered on July 14, 2015 (Doc. 8454). Magistrate Judge Wilkerson recommends that Plaintiff Roderick Allen's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 14), Motion to Advance and Reset (Doc. 30), and Motion for Court Appointment of Independent Dentist (Doc. 43) be denied. For the reasons set forth below, Magistrate Judge Wilkerson's Report and Recommendation is adopted in its entirety.

## PROCEDURAL BACKGROUND

Plaintiff Roderick Allen is an inmate in the Illinois Department of Corrections at Menard Correctional Center ("Menard"). He filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 alleging he was denied effective medical care for a dental infection in violation of the Eighth Amendment. Allen has "struck out" under the Prison Litigation Reform Act, but he was allowed to proceed under the imminent danger exception in

28 U.S.C. § 1915(g) (Doc. 4). Plaintiff then filed his Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 14). Plaintiff alleges that he has an infection in his mouth that has spread to his jaw bone causing deterioration of that bone as well as pain and swelling. He states that he is not being given effective antibiotics that would resolve the infection. Plaintiff claims that his dentist, Defendant Dr. Asselmeier, refuses to prescribe the antibiotics unless Plaintiff agrees to have the involved teeth extracted.

Magistrate Judge Wilkerson held a hearing on May 15, 2015; Plaintiff appeared by videoconference, and Defendants appeared by counsel (Doc. 28). Defendants were directed to submit a brief after they had reviewed Plaintiff's medical record (Doc. 29), and they did so (Doc. 31). Plaintiff was instructed to submit supplemental materials (Doc. 29), and he submitted a Motion to Advance and Reset, in which he includes a number of exhibits and seeks advancement of trial (Doc. 30). Plaintiff also filed a "notice" indicating that he will refuse to accept medical care from Defendant because he believes it will expose him to "substantial risk of suffering great bodily harm or death" (Doc. 39). Finally, Plaintiff submitted a motion seeking appointment of an independent dentist to evaluate his concerns (Doc. 43).

On July 14, 2015, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 45). Based upon the evidence before the Court, Magistrate Judge Wilkerson concluded that Plaintiff failed to meet the threshold burden for a preliminary injunction. He further concluded that Plaintiff failed to show that he is suffering irreparable harm or that he has no adequate remedy in law. Objections to the Report and Recommendation were due on July 31, 2015. Because of

lockdowns at Menard, Plaintiff requested and was given two 30-days extensions to file his objections, which was granted (Docs. 47, 48, 50, 51). Plaintiff then requested a third extension of time, stating he was unable to prepare his objections because he spent all of his time and legal supplies working on an appellate case (Doc. 52). Plaintiff was given until November 6, 2015, to file his objections and warned that no further extensions would be granted. Plaintiff then claimed that he needed the Court to provide him with another copy of the Report and Recommendation (Doc. 54). Magistrate Judge Wilkerson denied Plaintiff's request reasoning that it appeared to be an attempt to extract a further extension of time to file objections in spite of the admonishment that none would be given (Doc. 57). The November 6th deadline passed with no submission from Plaintiff. Then, on November 16th, Plaintiff requested a fourth extension of time to file his objections (Doc. 60). That request was denied (Doc. 66). Consequently, Plaintiff has not filed any objections to the Report and Recommendation.

## DISCUSSION

Where timely objections are filed, the court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, the court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may then

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has carefully reviewed the briefs and exhibits submitted by the parties, as well as Magistrate Judge Wilkerson's Report and Recommendation. Following this review, the undersigned fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson and adopts the Report and Recommendation in its entirety.

The evidence shows that Plaintiff's dental problems go back at least to 2008 (Doc. 31-1). Early that year, Plaintiff sought dental care for what he believed was gum disease (*see* Doc. 31-1, p. 1). The dentist advised Plaintiff that there was no evidence of gum disease, however, three of his teeth (#19, #30, and #31) were broken, infected, and needed to be removed (*Id.*). But Plaintiff refused to have his teeth removed (*Id.*). Since then, Plaintiff has been repeatedly advised of the need to have his teeth removed, but he has steadfastly refused (*see* Doc. 31-1). In fact, from 2008 to the present, Plaintiff has seen a dentist on at least fourteen occasions and refused to have his teeth removed at least twenty times (*see* Doc. 31-1). He was prescribed at least four courses of different antibiotics since 2011, but told that continued antibiotic treatment was not a "viable treatment" when the three teeth needed to be extracted (Doc. 31-1, p. 4). Nevertheless, Plaintiff continues to demand antibiotics and cites the dentist's failure to prescribe them as the reason he needs a preliminary injunction.

When a party seeks a preliminary injunction he "must show that [he] is reasonably likely to succeed on the merits, [he] is suffering irreparable harm that

outweighs any harm the non-moving party will suffer if the injunction is granted, there is no adequate remedy of law, and an injunction would not harm the public interest." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). In order to succeed on the merits of his claim, Plaintiff must show that a prison official knew that a medical condition posed a serious risk to his health yet responded ineffectually or not at all. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012). In the context of medical professionals, this standard also has been described as the 'professional judgment' standard." *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008). This means in order for a prison medical professional to be held liable for deliberate indifference, his or her treatment decisions must be "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Sain*, 512 F.3d at 895. In other words, a prison medical professional is "entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Sain*, 512 F.3d at 894–95).

Here, the medical records demonstrate that Plaintiff has regularly been seen by a dentist and repeatedly offered an extraction procedure. Removing broken and infected teeth is quite obviously an appropriate treatment. As Magistrate Judge Wilkerson noted, the fact that Plaintiff wants a different course of treatment is not enough to prove an Eighth Amendment violation. *See, e.g., Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("Mere dissatisfaction or disagreement with a doctor's course of treatment is

generally insufficient.")

Plaintiff's medical records also fail to support his assertion of irreparable harm absent injunctive relief. Plaintiff has refused the dental treatment offered to him on approximately twenty occasions and has notified the Court that he will not seek dental care from Dr. Asselmeier in the future (Doc. 39). Thus, as Magistrate Judge Wilkerson stated, Plaintiff is causing the harm he is suffering, and an injunction would not cure that conduct.

In sum, the Court finds no justification for the "extraordinary and drastic remedy" of injunctive relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The Court also sees no reason to advance the trial as requested by Plaintiff for the reasons stated by Magistrate Judge Wilkerson in the Report and Recommendation (Doc. 45, p. 7).

## CONCLUSION

Accordingly, Magistrate Judge Wilkerson's Report and Recommendation (Doc. 45) is **ADOPTED** in its entirety. Plaintiff Roderick Allen's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 14), Motion to Advance and Reset (Doc. 30), and Motion for Court Appointment of Independent Dentist (Doc. 43) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 15, 2016**

 

**NANCY J. ROSENSTENGEL**
**United States District Judge**