IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK T. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-334-NJR-DGW |
| ) | |
| CRAIG J. ASSELMEIER and WARDEN ) | |
| KIMBERLY BUTLER, ) | |
| ) | |
| Defendants ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court are various Motions filed by Plaintiff: the Motion for Extension of Time filed on March 21, 2016 (Doc. 87), the Motion for Extension of Time filed on March 23, 2016 (Doc. 88), the Motion for Leave to File Late Reply filed on March 23, 2016 (Doc. 89), the Motion to Amend Complaint filed on April 4, 2016 (Doc. 92), the Motion for Leave to File Second Amended Complaint filed on April 18, 2016 (Doc. 94), the Motion for Free Copy of the Local Rules filed on April 18, 2016 (Doc. 95), and the Motion for Extensions of Time filed on April 18, 2016 (Doc. 96).

### DISCUSSION

In his first motion for extension of time, Plaintiff seeks until April 5, 2016 to respond to the pending Motion for Summary Judgment (Doc. 61) and pending Motion to Dismiss (Doc. 64). He also seeks until April 8, 2016 to file a reply brief in support of his claims for injunctive relief. Since Plaintiff filed his motion, and as of the date of this Order, Plaintiff has not filed a response to the dispositive motions but has filed a reply in support of his requests for injunctive relief (Doc. 89). Plaintiff also has filed a notice, stating that he has no mailing supplies and indicating that his

discovery request should be served upon Defendants by the Clerk of Court through the CM/ECF system (Doc. 90).

On February 19, 2016, this Court granted Plaintiff's second motion for extension of time to respond to the pending dispositive motions (Doc. 79). In that Order, Plaintiff was informed that no further extensions of time would be granted absent extraordinary circumstances. In his current Motion, Plaintiff states that his legal papers were confiscated on February 25, 2016 and only partially returned on March 6, 2016 (Doc. 87). He further states that he has been having issues with communicating with the law library and submitting documents for filing. Plaintiff appears to have no issues, however, filing other documents, like his request for injunctive relief, various motions, and various notices. And, as of the date of this Order, Plaintiff has not filed any response to the pending dispositive motion. The first Motion for Extension of Time (Doc. 87) is **MOOT**.

Plaintiff also requested additional time to file a reply brief in support of the requests for injunctive relief (Doc. 88) and then filed his reply brief (Doc. 89), although it is docketed as a motion. Local Rule 7.1 states that reply briefs are disfavored and shall only be filed in extraordinary circumstances. Plaintiff has not set for the any extraordinary circumstances that would warrant the filing of a reply brief. Accordingly, the Motion (Doc. 88) is **DENIED** and the Reply (Doc. 89) is **STRICKEN**. In addition, the two replies filed on February 23, 2016 (Doc. 80) and March 7, 2016 (Doc. 84) are also **STRICKEN**.

Plaintiff also has a penchant for filing "notices" with the Court related to events at the prison that are tangential to the claims made in this case. To the extent that Plaintiff is having difficulty litigating this matter, he may seek relief by way of a motion – filing a notice does not inform the Court of what Plaintiff requests and whether such a request is appropriate. The

CM/ECF system is also not a substitute for serving papers and pleadings on opposing counsel, especially those related to discovery. Local Rule 26.1(b) provides that discovery requests and responses (except for requests to admit and responses thereto) shall not be filed with the Clerk of Court (*See* Doc. 91). The Notices (Docs. 34, 46, 49, 67, 75, 83, and 90) are accordingly **STRICKEN**.

Plaintiff also requests a copy of the Local Rules, free of charge because he cannot obtain a copy from the law library. While Plaintiff may be indigent, he is not entitled to copies of documents without paying the necessary copying fee. Plaintiff also has access to the Local Rules – he merely states he cannot copy them at the prison law library. If Plaintiff wants a copy, he must pay the copying fee first, which is $0.50 per page. Plaintiff should contact the Clerk of Court if he wants a copy of the Local Rules and should remit the necessary copying fee.

Plaintiff seeks an extension of all deadlines in this case until May 2, 2016 because he has other suits pending and there have been prison lockdowns. The Court has been generous in granting extensions of time in this matter; however, that generosity must come to an end. The Motion for Summary Judgment (Doc. 61) and the Motion to Dismiss (Doc. 64) have been pending for over 4 months and no response has been forthcoming. Plaintiff clearly has the ability to research and file various motions and other documents with the Court – he has apparent access to the law library notwithstanding any lockdowns. That he has other cases pending or other matters to attend to have no bearing of the timely filing of documents in this case. This Motion, then, is **DENIED** (Doc. 96).

Finally, Plaintiff has filed two Motions to Amend the Complaint, one on April 4, 2016 (Doc. 92) and the other on April 18, 2016 (Doc. 94). Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Leave to amend

may be denied, however, if there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). In the October 19, 2015 Scheduling Order, the deadline for filing motions to amend was January 22, 2016 (Doc. 56). Plaintiff sought an extension of time and the deadline was extended to February 10, 2016 (Doc. 69). Plaintiff sought another extension of time and the deadline was extended again to March 24, 2016 (Doc. 79). Plaintiff was informed that no further extensions would be granted absent extraordinary circumstances. Plaintiff filed his first Motion eleven days after the deadline without setting forth what extraordinary circumstances would warrant the filing. Plaintiff also failed to show what good cause and excusable neglect would allow for the late filing. *See* FED.R.CIV.P. 6(b) and 16(b)(4). Therefore, this first Motion to Amend is **DENIED** (Doc. 92).

In his second Motion to Amend, filed on April 18, 2016, 25 days after the deadline, Plaintiff states that he adjusted some formatting, that the prison was on lockdown since April 1, 2016, and that he has been "overwhelmed with the amount of legal work in this case." Such excuses neither show good cause, excusable neglect, nor extraordinary circumstances that would allow Plaintiff to seek leave to amend after the deadline. A lockdown that started on April 1 would not explain why Plaintiff failed to meet the March 24 deadline. To the extent that Plaintiff is burdened by litigation, such circumstances do not warrant good cause. This is an optional lawsuit. Plaintiff, having filed many, many suits over the years, is familiar with the burdens of litigation and the necessity of following deadlines. Plaintiff was aware in October, 2015 that there was a deadline to file motions to amend; he had ample time to seek leave to amend (even when considering the additional occurrences that he sets forth in his proposed amended pleading that occurred in January/February, 2016).

In any event, the Court finds that Plaintiff's proposed amended pleading fails to state a claim and would be futile. In addition to the deliberate indifference claim related to his teeth, Plaintiff alleges that he has been assaulted and battered by a cellmate in January and February 2016. He goes on to allege that "on information and belief" he was being attacked because "prison officials are attempting to force him to submit to extraction of teeth." He further claims that he is being retaliated against by "security staff" and that a correctional officer, C. Dumbar, has threatened him. Finally, he states that Dr. Fahim intended to remove his vocal chords in 2009 to prevent him from talking and that, presumably along the same vein, "prison officials" are not treating his jaw infection in an attempt to "effectively end Plaintiff's ability to defend himself in Court." Plaintiff fails to tie any of these additional allegations to Dr. Asselmeier or Warden Butler. Plaintiff does not name any additional Defendants. These new allegations appear to be frivolous, wholly unrelated to the deliberate indifference claim that is currently under consideration, and are otherwise lacking in any factual support that would render them anything more than probable. In sum, Plaintiff's proposed pleading does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). The Second Motion to Amend is likewise **DENIED** (Doc. 94).

## CONCLUSION

For the foregoing reasons, the Motion for Extension of Time filed by Plaintiff on March 21, 2016 (Doc. 87) is **MOOT**, the Motion for Extension of Time filed by Plaintiff on March 23, 2016 (Doc. 88) is **DENIED**, the Motion for Leave to File Late Reply filed by Plaintiff on March 23, 2016 (Doc. 89) is **STRICKEN**, the Motion to Amend Complaint filed by Plaintiff on April 4, 2016 (Doc. 92) is **DENIED**, the Motion for Leave to File Second Amended Complaint filed by

Plaintiff on April 18, 2016 (Doc. 94) is **DENIED**, the Motion for Free Copy of the Local Rules filed by Plaintiff on April 18, 2016 (Doc. 95) is **DENIED**, and the Motion for Extensions of Time filed by Plaintiff on April 18, 2016 (Doc. 96) is **DENIED**. In addition, Documents 34, 46, 49, 67, 75, 80, 83, 84, and 90 are **STRICKEN**

**IT IS SO ORDERED.**

**DATED: April 19, 2016**

*/s/ Donald G. Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**