IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK T. ALLEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 15-CV-334-NJR-DGW |
| CRAIG ASSELMEIER and KIMBERLY BUTLER, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on the Motion for Summary Judgment filed by Defendant Craig Asselmeier on December 7, 2016 (Doc. 61) and the Motion to Dismiss filed by Defendant Kimberly Butler on December 7, 2016 (Doc. 64).

### INTRODUCTION

Plaintiff Roderick Allen, an inmate incarcerated at Menard Correctional Center, filed this *pro se* action pursuant to 42 U.S.C. § 1983 on March 27, 2015, alleging he was denied effective medical care for a dental infection (Doc. 1). More specifically, Allen claims that since January 2015, Dr. Asselmeier refused to adequately treat pain and swelling in his jaw and failed to prescribe effective antibiotics for an infection. Allen alleges that Dr. Asselmeier has only recommended that his problematic teeth be extracted. Following a threshold review of the complaint under 28 U.S.C. § 1915A, Allen was permitted to proceed on one count of deliberate indifference in violation of the Eighth Amendment against Craig J. Asselmeier, a dentist at Menard (Doc. 4). Kimberly

Butler, the warden at Menard, was added as a Defendant in her official capacity only for the purposes of injunctive relief (Doc. 4).

Allen requested to proceed in this matter *in forma pauperis* ("IFP") (Doc. 7). Because Allen has accumulated three "strikes" for previously filing frivolous lawsuits in federal court, he could not proceed IFP unless he was in imminent danger of serious physical injury (Doc. 4). 28 U.S.C. § 1915(g). The Court was skeptical of Allen's purported dental infection because Allen has made similar allegations in at least four previous cases, all of which were dismissed as frivolous (Doc. 4).[1] Allen apparently believes that his sister is paying Menard officials to harm or kill him to keep him from receiving his share of the inheritance from their father (Doc. 4). To that end, Plaintiff has accused prison dentists of cultivating and implanting bacteria in his mouth during a tooth extraction in order to poison him and of allowing his infection to progress uninhibited (Doc. 4). Nevertheless, the Court chose to give Allen the benefit of the doubt and "rather than summarily dismissing this action as a frivolous extension of all those other similar claims that have been dismissed as frivolous, the Court [accepted] for now that Plaintiff is suffering from a dental infection that is serious enough to warrant continued dental treatment over the course of at least three years, without improvement and with progression to the jaw bone." (Doc. 4). Based on the alleged pain and progression of the infection, and the purported lack of treatment, the Court found that the imminent danger standard was satisfied, and Allen was permitted to proceed IFP (Docs. 4, 8). Allen was warned, however, that if the Court later determined that his claim was frivolous, he would be banned from filing any civil rights cases in this Court (Doc.

---

[1] The four previous cases are 11-1130-MJR; 12-936-GPM; 13-931-MJR; 14-348-JPG.

4).

Since filing the Complaint, Allen has sought various forms of preliminary injunctive relief related to his claim (Docs. 3, 14, 30, 76, 81, 82), all of which have been denied (Docs. 4, 73, 102). Warden Butler seeks to dismiss the complaint, arguing that if Allen's allegations were insufficient to warrant imposition of a preliminary injunction, then those allegations are also insufficient to establish that he was in imminent danger at the time he filed his complaint, and he should not have been permitted to proceed IFP (Docs. 64, 65).

Dr. Asselmeier seeks summary judgment both on the merits of Allen's claim and on Allen's failure to exhaust his administrative remedies prior to filing suit (Docs. 61, 62). Allen was granted until March 24, 2016, to file responses to the pending motions (Doc. 79), but he did not file his responses until May 11, 2016 (Docs. 100, 101). Despite being tardy, the Court will still consider Allen's responses.

## FACTUAL BACKGROUND

For over seven years, Roderick Allen has had three broken and rotting teeth—numbers 19, 30, and 31 (*see* Doc. 62-1).[2] At least four dentists, on at least nine separate occasions between 2008 and 2014, have told Allen that the teeth need to be removed and counseled Allen on the consequences of leaving the teeth in his mouth (Doc. 62-1).[3] But Allen has steadfastly refused to have the teeth extracted (Doc. 62-1). At

---

[2] Some of Allen's dental records are unreadable. Because there appears to be no dispute as to what the records contain, however, the Court is not requiring a typed copy of the notes.

[3] The dentists are Dr. Overall, Dr. Henderson, Dr. Chapman, and Dr. Strow (Doc. 62-1). These dentists recommended the removal of Allen's teeth on May 20, 2008, November 18, 2008, December 16, 2008, December 14, 2010, April 27, 2011, July 8, 2011, March 6, 2012, October 21, 2014, and November 17, 2014 (Doc. 62-1).

times, Allen also has refused other dental care, including examinations, a biopsy, and x-rays (Doc. 62-5 to 62-19). Instead, Allen wants to have his teeth treated with antibiotics, which he repeatedly and routinely requests (Doc. 62-1). Allen has been informed a number of times that antibiotics are not viable long-term treatment option for the pain he experiences in his rotten teeth (Doc. 62-1; Doc. 62-21). On occasion, however, antibiotics and pain relievers have been prescribed when there was an indication of infection in the rotten teeth or the roots of the teeth (Doc. 62-20; Doc. 62-21, p. 4).

Allen also apparently believes that he has been suffering from gum disease for over seven years (Doc. 62-1; Doc. 62-21). No dentist has found any clinical evidence, however, that Allen has gum disease or any need for treatment with regard to his gums (Doc. 62-21, p. 2; *see also* Doc. 62-1, p. 1).

Allen's interactions with Dr. Asselmeier appear to be no different than his interactions with previous dentists. When Allen first saw Dr. Asselmeier on January 9, 2015, he complained of pain in teeth 19, 30, and 31 (Doc. 62-21, p. 3; Doc. 62-1). After taking two periapical x-rays and noting extensive decay, Dr. Asselmeier advised Allen that the teeth "were not restorable" and needed to be extracted (Doc. 62-21, p. 3). Dr. Asselmeier prescribed Clindamycin to head-off a possible infection and ordered an additional x-ray (*Id.*) Allen refused the x-ray, however, and instead requested regular appointments to acquire antibiotics in order to "prevent reinfection of broken teeth" (*Id.*) Dr. Asselmeier next saw Allen on January 16th, at which time Allen once again refused additional x-rays and teeth extractions (Doc. 62-21, pp. 3–4).

Dr. Asselmeier believes that antibiotics are not an appropriate treatment for

Allen's pain in his rotten teeth (Doc. 62-21). Dr. Asselmeier explains that while "[t]he antibiotics may temporarily reduce pain as they eradicate any infection that has arisen in the rotted teeth, they are not a long term solution" (*Id.* at p. 4). He further explains that repeated antibiotic courses are not medically appropriate when there is no evidence of infection because it only serves to kill off beneficial bacteria in the body and promote antibiotic resistance (*Id.* at p. 5). Dr. Asselmeier believes that the appropriate treatment for Allen's pain is to have the rotten teeth extracted (*Id.* at p. 4-5).

## DISCUSSION

### A. Dr. Craig Asselmeier

Dr. Asselmeier seeks summary judgment both on the merits of Allen's deliberate indifference claim and on Allen's failure to exhaust his administrative remedies prior to filing suit (Docs. 61, 62). The Court will first address the argument on the merits of Allen's claim.

The standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is appropriate where the admissible evidence shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. A "material fact" is one identified by the substantive law as affecting the outcome of the suit. A "genuine issue" exists with respect to any such material fact . . . when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." On the other hand, where the factual record taken as a whole could *not* lead a rational trier of fact to find for the non-moving party, there is nothing for a jury to do. In determining whether a genuine issue of material fact exists, we view the record in the light most favorable to the nonmoving party.

*Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 681 (7th Cir. 2014) (citations omitted).

In order to prevail on a claim for deliberate indifference to a serious medical need,

there are "two high hurdles, which every inmate-plaintiff must clear." *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). First, the plaintiff must demonstrate that his medical condition was "objectively, sufficiently serious." *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted). Second, the plaintiff must demonstrate that the "prison officials acted with a sufficiently culpable state of mind," namely deliberate indifference. *Greeno*, 414 F.3d at 653.

Dr. Asselmeier does not dispute that Allen suffers from a serious dental condition, so the Court will assume for the purpose of this analysis that Allen's dental pain and rotten teeth constitute a serious dental condition (*see* Doc. 62). *See Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005) ("[W]e reiterate our view that 'dental care is one of the most important medical needs of inmates.' In addition, a number of other courts have also held that dental pain accompanied by various degrees of attenuated medical harm may constitute an objectively serious medical need.") (citations omitted). Therefore the only question for the Court is whether Dr. Asselmeier acted with deliberate indifference with respect to Allen's purported gum disease and treating Allen's rotten teeth.

In order to show that prison officials acted with deliberate indifference, a plaintiff must put forth evidence that the prison officials knew that the prisoner's medical condition posed a serious health risk, but they consciously disregarded that risk. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012). "This subjective standard requires more than negligence and it approaches intentional wrongdoing." *Id.*; *accord Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) ("Deliberate indifference is

intentional or reckless conduct, not mere negligence."); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("[N]egligence, even gross negligence does not violate the Constitution.")

For a medical professional to be held liable under the deliberate indifference standard, he or she must respond in a way that is "so plainly inappropriate" or make a decision that is "such a substantial departure from accepted professional judgment, practice, or standards," that it gives rise to the inference that they intentionally or recklessly disregarded the prisoner's needs. *Holloway*, 700 F.3d at 1073; *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008) (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). In other words, a prison medical professional is "entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Sain*, 512 F.3d at 894–95). *See also Holloway*, 700 F.3d at 1073 ("There is not one 'proper' way to practice medicine in prison, but rather a range of acceptable courses based on prevailing standards in the field." (quoting *Jackson v. Kotter,* 541 F.3d 688, 697 (7th Cir. 2008))).

Here, Allen claims that he suffers from an infected jawbone and gum disease, however, there is simply no evidence that supports that claim. Instead, the available evidence shows that Dr. Asselmeier, and every other dentist who examined Allen, never observed any clinical sign of gum disease. It also shows that at times when signs of infection were observed, antibiotics were prescribed. Allen's self-diagnosis, unsupported by any medical evidence in the record, is not sufficient to withstand

summary judgment. *See Fitzgerald v. Greer*, 324 F. App'x 510, 515 (7th Cir. 2009); *Green v. Senkowski*, 100 F. App'x 45, 47 (2d Cir. 2004); *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994).

Allen also claims that he was given the choice between "continuous antibiotic treatment" and extraction of his teeth, and he asserts that his teeth should be repaired rather than extracted. But the record plainly refutes these claims. Allen has been told by a number of dentists on a number of occasions that long-term antibiotics will not alleviate his pain or restore his rotten teeth; the only viable treatment option is to have the rotten teeth extracted. The question of whether one course of treatment is medically appropriate or preferable to another is a "classic example of a matter for medical judgment." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). And "[t]he federal courts will not interfere with a doctor's decision to pursue a particular course of treatment unless that decision represents [a] significant a departure from accepted professional standards . . . ." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Given that Dr. Asselmeier's decision to extract the teeth and to not prescribe long-term antibiotics was explicitly endorsed by every other dentist who examined Allen, there is simply no basis for finding that Dr. Asselmeier's chosen course of treatment was plainly inappropriate or a substantial departure from accepted medical judgment. *See Pyles*, 771 F.3d at 411.

The evidence, when viewed in a light most favorable to Allen, demonstrates only that Allen wanted different care than the prison dentists recommended. But Allen is not entitled to "demand specific care" and his dissatisfaction and disagreement with Dr.

Asselmeier's suggested course of treatment does not establish deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011); *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (citations omitted); *accord Pyles*, 771 F.3d at 409. The pain and other symptoms Allen is experiencing are a result of rotten teeth that no less than five dentists have recommended extracting. Instead of following his doctors' advice, Allen insists that his symptoms should be managed with antibiotics, and he refuses even the most basic prophylactic treatment or evaluations. It is clear that Allen is the author of his own misery; his condition is a result of his own actions, not the inaction or indifference on the part of Dr. Asselmeier.

The Court concludes that Allen's deliberate indifference claim against Dr. Asselmeier lacks an arguable basis in fact such that no reasonable person could suppose it to have any merit. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). In other words, the claim is frivolous. Accordingly, Dr. Asselmeier is entitled to summary judgment. In light of this conclusion, it is unnecessary to consider Dr. Asselmeier's alternative argument that Allen failed to exhaust his administrative remedies.

**B. Kimberly Butler**

As previously mentioned, Kimberly Butler was added to this suit as a Defendant for the sole purpose of perfecting any injunctive relief. Because Dr. Asselmeier is entitled to judgment as a matter of law on Allen's Eighth Amendment claim of deliberate indifference, Defendant Butler is also entitled to summary judgment at this juncture. Consequently, her Motion to Dismiss is moot and need not be addressed by the Court.

### C. Allen's Access to his Dental X-Rays

The parties discuss whether Allen is entitled to view the x-rays that were taken of his teeth. Neither party has presented any case law, nor is the Court aware of any, that holds Allen has a constitutional right to view his medical records or any part of them. To the extent that such a claim is made (and such a claim is not delineated in this Court's threshold order (Doc. 4)), it is without merit.

To the extent that Allen seeks copies of his x-rays as a discovery request (Doc. 101-2, p. 5), that request is improper and untimely. First, Allen seeks this discovery from Warden Butler, but he has not made a showing that he served any request to produce his x-rays upon Warden Butler prior to filing what amounts to be a motion to compel. Put another way, Allen cannot compel production of a document that he has not first sought through Federal Rule of Civil Procedure 34. Second, a subpoena is not necessary when seeking documents from a party. Third, Allen has not filed the required affidavit or declaration to support a Federal Rule of Civil Procedure 56(d) motion. Therefore, his discovery request is denied.

## CONCLUSION

For the reasons set forth above, the Motion for Summary filed by Defendant Craig J. Asselmeier on December 7, 2016 (Doc. 61) is **GRANTED in part and MOOTED in part.** The Motion to Dismiss filed by Defendant Kimberly Butler on December 7, 2016 (Doc. 64) is **MOOT**. The Clerk of Court is directed to enter judgment in favor of Defendants and against Allen.

## FILING BAN

Allen was warned that if the Court determined his deliberate indifference claim

was frivolous, which it has, that a filing ban would be imposed (*see* Doc. 4). It has come to the Court's attention, however, that Chief Judge Michael J. Reagan already banned Allen from filing any new civil cases in this District until his outstanding filing fees of over $6,000.00 have been paid in full. *Allen v. Engelage*, Case No. 15-cv-175-MJR (S.D. Ill. Aug. 18, 2016) (Doc. 15). The undersigned is going to take the filing ban one step further, because Allen has a tendency to file frivolous post-judgment motions, and the Court believes he is particularly likely to continue this exhibited tendency because he is not allowed to bring any new civil suits for the time being. *See Allen v. Bower, et al.*, 13-931-MJR (S.D. Ill.); *Allen v. Harrington*, 13-725-GPM (S.D. Ill.); *Allen v. Godinez, et al.*, 12-936-GPM (S.D. Ill.); *Allen v. Chapman, et al.*, 11-1130-MJR (S.D. Ill.).

Allen is hereby **RESTRICTED** from filing any papers in this matter that do not pertain to an appeal until he has paid his outstanding fees in full or the filing ban is otherwise lifted by Chief Judge Reagan. *See. e.g., In re City of Chicago*, 500 F.3d 582 (7th Cir. 2007) (banning litigant from filing any papers in pending cases). Any papers submitted either directly or indirectly by or on behalf of Allen in this case that do not pertain to an appeal shall be returned unfiled. If the papers are filed electronically, they will be stricken.

This ban means that Allen cannot file a motion to contesting this Order under Federal Rule of Civil Procedure 59(e) or 60(b) (commonly referred to by prisoners as a "motion to reconsider") unless and until he has paid his outstanding fees in full. Allen's only other option for contesting this Order is to appeal to the Seventh Circuit. To do so, he must file a notice of appeal in this Court *within 30 days* from the entry of judgment or

order appealed from. FED. R. APP. P. 4(a)(1)(A). The current cost of filing an appeal with the Seventh Circuit is $505.00. The entire $505.00 filing fee must be paid at the time the notice of appeal is filed. FED. R. APP. P. 3(e). Because Allen has incurred three strikes, he is barred from proceeding IFP on appeal, unless he is in imminent danger of serious physical injury.

    **IT IS SO ORDERED.**

    **DATED:** September 23, 2016

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**